On Motion to Dismiss.
PROVOSTY, J.
The motion to dismiss is, founded on the following express waiver:
“S. H. Keoughan & Co. v. Equitable Oil Co. “Fifteenth Judicial District Court, State of 'Louisiana, Parish of Calcasieu.
No. 4,966.
“The defendant in the above numbered and entitled suit does hereby waive the rights of an appeal from the judgment herein rendered, and, by reason of such waiver, it is hereby agreed by both plaintiff and defendant that the stenographic notes taken upon the trial of the above numbered and entitled suit need not be transcribed.
“Witness our signature hereto at Lake Charles, Louisiana, on this the 19th day of July. A. D. 1904.
‘ [Signed] McCoy & Moss,
“Counsel for Plaintiff.
“[Signed] Cline & Cline,
“Counsel for Defendant.”
Appellant contends that the waiver is void because a litigant cannot waive in advance his right to appeal; but, conceding for argument that he cannot waive it before judgment, he can most assuredly waive it after judgment, and in this case the waiver was after judgment.
A more serious question has appeared to us to be whether an agreement of this kind, whereby a valuable right is parted with, should not be either supported by a valuable consideration or clothed in the form prescribed by law for donations.
At common law a waiver must be supported by a valuable consideration. 29 Am. & E. E. of Law, 1097 ; 2 E. of P. & P. 173. And this applies to the waiver of the right of appeal after the right has accrued. 2 Cye. 643.
We have come to the conclusion, however, that the waiver of appeal after the right has accrued is governed in this state by article 567, Code Prac., which reads as follows:
“The party against whom judgment has been rendered cannot appeal:
“(1) If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily.
“(2) If he has suffered the time prescribed by law for appealing to elapse.”
It appeared to us as questionable at first whether that article was not merely the ex *776 pression of the doctrine of estoppel, and meant anything more than that a litigant was estopped from contradicting a condition of things upon which, by his confession, he had induced a court of justice to act, or of which he had sought to take advantage; but we have come to the conclusion that the scope of the article is greater, its real sense being that a litigant shall not be permitted to vex uselessly the ear of the courts with a complaint the unfounded character of which he was at one time willing to admit.
The learned counsel for appellant urges, however, that the mandate of an attorney at law does not extend to the waiving of the right of appeal, and we think the contention is well founded. The mandate of the attorney is to prosecute and defend, and not to waive or abandon. While the battle is raging the proper measures of attack or defense are necessarily left largely to his judgment, and, if it appears to him good strategy to waive certain rights, he may do so, and the client be bound, as a general proposition; but, after the battle has been brought to a-close by judgment, he cannot take upon himself to make a gratuitous abandonment of the right of his client to renew the contest. Whether his mandate still continues for the purpose of compromise is another question.
On the question of fact whether the attorney in this case had or not special authority to make the waiver, we think the case had better be remanded to take testimony. We do not think the fact that the attorney who made the waiver hax>pened to be also the president of the appellant corporation is at all conclusive on the question of authority vel non. Even the president of a corporation has not authority to give away the rights of his principal, unless, indeed, the charter confers it upon him.
The complaint of the appellant that the waiver was the result of an agreement, which the appellee has not kept, cannot, in the absence of all evidence, be considered by this court, and could not have been considered, even if presented to the trial court on rule to set aside the waiver, since it would have been contradictory of the terms of the-written document executed by the parties to-evidence their agreement.
The case is remanded for the purpose of taking evidence on the question of whether the attorney had or not authority to make-the waiver in question; subject, however, to-the right of axopellee, on application for rehearing, to have this decree set aside and the case proceeded with.